REGAN, Judge.
The plaintiff, Co-operative Cold Storage Builders, Inc., filed this suit against the defendant, Dominick Diaz, endeavoring to recover the sum of $1,200.00,[1] which it asserts represents the balance due on a contract encompassing the purchase price of certain “Drive Thru Racks”,[2] which were sold and installed by the plaintiff in the defendant’s place of business.
The defendant answered and denied his liability for the unpaid balance due on the contract. In explanation thereof, he asserted that the storage facilities were purchased from the plaintiff on behalf of Buck’s Tomato Co., Inc., a Louisiana corporation, and that the obligation was neither personally nor individually incurred by him.
When the plaintiff learned that Buck’s Tomato Co., Inc., had been adjudged a bankrupt, it amended its petition to include as a party defendant, E. J. Shearman, III, the trustee in bankruptcy of Buck’s Tomato Co., Inc.
Following a trial on the merits, the lower court rendered judgment in favor of the plaintiff and against the defendant individually in the amount of $1,200.00. From that judgment, only the defendant, Dominick Diaz, has prosecuted this appeal. The trustee in bankruptcy of Buck’s Tomato Co., Inc., is apparently satisfied with the foregoing judgment since he has not appealed therefrom.
The record discloses that certain storage racks were sold by the plaintiff to “Buck’s Tomato Co.” The contract encompassing the sale thereof was accepted by “D. Diaz”, who was identified in the course of the trial as Dominick Diaz, the defendant herein. The question posed for the lower court’s consideration as a result of the foregoing contract, and which is again posed on the appeal hereof, is whether the defendant acted in his own behalf or on behalf of the *550 corporation when he purchased the storage racks.
The contract from which this suit emanates is, to say the least, quite ambiguous, and we are unable to determine therefrom whether the parties intended to deal with the corporation of with Dominick Diaz. The evidence offered in the lower court is likewise unsatisfactory in as much as it fails to reveal the clear intention of the parties in this respect. However, the record does clearly establish that on other occasions when the plaintiff did business with the corporation in its corporate capacity, it specifically and unequivocally addressed itself to the company and not to Diaz.
The lower court apparently found as a corollary fact that in this instance the storage racks were sold to Dominick Diaz individually, and consequently concluded that he was liable personally for the unpaid balance.due on the contract.
The foregoing illucidation reveals that only a question of fact was posed for the trial court’s consideration. The judge thereof obviously accepted the plaintiff’s version of what the parties intended, and, therefore, to reiterate, concluded that the plaintiff dealt directly with the defendant, Dominick Diaz, in his individual capacity and not in his capacity as a representative of Buck’s Tomato Co., Inc.
The question which this appeal has posed for our consideration is whether that finding of the trial judge is so erroneous and unsupported by the evidence adduced herein as to warrant a reversal by us.
We are of the opinion that no useful purpose woud be served by indulging in a protracted discussion of the foregoing testimony or by endeavoring to reconcile the respective litigants' version of the facts surrounding the confection of the contract or the intention of the parties in connection therewith. The trial judge obviously accepted the plaintiff’s version thereof, and our analysis of the record convinces us that the evidence preponderates in its favor and the judgment is, therefore,, correct.
For the foregoing reasons, the judgment of the lower court is hereby affirmed.
The defendant is to pay all costs incurred herein.
Affirmed.

. Total cost, $4,400.00 and $3,200.00, had been paid on account thereof.

. Shelves used to store tomatoes.